# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LONNIE G. HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-102-RAW-KEW |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Lonnie G. Hodges (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 20, 1977 and was 37 years old at the time of the ALJ's latest decision. Claimant completed her education through the ninth grade. Claimant has worked in the past as a sanitation worker, forklift driver, carpenter's helper, concrete finisher, and a construction/concrete worker. Claimant alleges an inability to work beginning May 5, 2011 due to limitations resulting from diabetes mellitus with peripheral

neuropathy, multiple femur fractures with rod placement, depression, restless leg syndrome, osteoarthritis, seizure disorder, and anxiety disorder.

**Procedural History**

On November 27, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 19, 2014, Administrative Law Judge Doug Gabbard, II ("ALJ") conducted a hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On February 10, 2015, the ALJ issued an unfavorable decision. On February 22, 2016, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) his credibility determination; (2) failing to include all of Claimant's impairments in the RFC; and (3) failing to find Claimant's impairments to be severe.

**Credibility Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus, diabetic seizures or seizure disorder, affective disorder, and anxiety disorder. (Tr. 67). The ALJ concluded that Claimant retained the RFC to perform a full range of light work. In so doing, the ALJ found Claimant could lift/carry 20 pounds occasionally and ten pounds frequently. Claimant was able to stand and/or walk six hours out of an eight hour workday and sit for six hours in an eight hour workday. Claimant must avoid concentrated exposure to hazards such as dangerous moving machinery and unprotected heights. He was limited to unskilled work (work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time). He must only occasionally be required to understand, remember, and complete detailed instructions because he has a marked limitation in this area. His supervision must be simple, direct, concrete, and non-critical. He must work in a setting where he can

frequently work alone and where he has only superficial interpersonal contact with supervisors and co-workers. Because of problems with concentration, persistence, and pace, Claimant must not be required to work at fast-paced production line speeds. He must have only occasional workplace changes and he must have regular work breaks and no contact with the public. (Tr. 75-76).

After consulting with a vocational expert, the ALJ concluded Claimant could not perform his past relevant work but that he could perform the representative jobs of housekeeping cleaner and bottling line attendant, both of which the ALJ concluded existed in sufficient numbers both regionally and nationally. (Tr. 83). As a result, the ALJ found Claimant was not disabled from May 5, 2011 through the date of the decision. (Tr. 83).

Claimant first contends the ALJ failed to perform a proper credibility analysis. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

6

**RFC Determination**

Claimant asserts that the ALJ failed to include all of his functional limitations in the RFC. Specifically, Claimant testified to a requirement to take breaks throughout the day to monitor glucose levels, eat, and rest following taking insulin. He also testified he spends his day in a reclined position to alleviate leg and hip pain. No medical professional has imposed this type of limitation upon Claimant.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96–8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no

7

requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence. The RFC allowing light work was supported by the consultative reviewers Dr. Kenneth Wainer (Tr. 145-46) and Dr. Karen Lee (Tr. 174). No error is found in the ALJ's RFC assessment.

**Step Two Analysis**

Claimant asserts that his status post leg and hip fractures, diabetic neuropathy, and post multiple head injuries were severe impairments and the ALJ erred in not including these conditions in his step two findings. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's

8

medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291–292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and

> findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
>
> 42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

In this case, the ALJ did not end the sequential evaluation at step two by finding Claimant had no severe impairments. Moreover, he considered Claimant's hip and leg problems, diabetic neuropathy, and head injuries in the evaluation of the subsequent steps. (Tr. 67-73). Since he did not deny benefits at step two based upon the lack of any severe impairments, the ALJ's failure to include these conditions does not constitute reversible error.

Moreover, the ALJ examined the medical record and determined Claimant had a normal gait and full strength in his extremities

10

and did not use assistive devices for walking. (Tr. 69-72). He also found no deficits as a result of neuropathy. (Tr. 70-72). Claimant has not cited to any medical records which indicated Claimant received treatment at any time for his alleged head injuries. Dr. Beth Jeffries did reference Claimant's self-report of injuries in her report with not medical substantiation. (Tr. 638-39). This Court finds no error in the ALJ's step two analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE